872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Eurvin GRIFFITH, Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 88-6118.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky prisoner requests the appointment of counsel in his appeal from the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984 William Eurvin Griffith was convicted by a jury on three counts of first degree sodomy. The alleged victims were Griffith's grandson and two granddaughters. The convictions were reversed on the basis of prosecutorial misconduct during closing argument. Griffith v. Commonwealth, No. 84-SC-669-MR (Ky. Dec. 19, 1985) (unpublished). On retrial in 1986, Griffith was convicted on two counts of first degree sodomy (against the grandson and the elder granddaughter) and sentenced to two consecutive life terms. The convictions were affirmed on direct appeal. Griffith v. Commonwealth, 86-SC-488-MR (Ky. Jan. 22, 1987) (unpublished).
 
 
 3
 In his petition for a writ of habeas corpus, Griffith alleged two grounds for relief: (1) insufficient evidence to support the conviction for sodomy against his grandson, and (2) improper admission into evidence of testimony by his granddaughter. The matter was referred to a magistrate who determined that Griffith failed to show a violation of his constitutional rights; the magistrate recommended that the petition be dismissed. Upon de novo review in light of Griffith's objections, the district court adopted the magistrate's report and recommendation as its own and dismissed the petition.
 
 
 4
 Upon review, we conclude that the evidence was sufficient to support the conviction of sodomy against the grandson. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We further conclude that the allegation of an evidentiary error regarding the testimony of the granddaughter does not arise to a constitutional violation. See Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 108 S.Ct. 509 (1987).
 
 
 5
 Accordingly, the request for appointment of counsel is hereby denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.